**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CHRISTOPHER SOGHOIAN | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 1:11-cv-02203-ABJ |
|  | ) |
|  | ) |
| OFFICE OF MANAGEMENT | ) |
| AND BUDGET, | ) |
|  | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF OMB'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 7(h)(1), the following is a statement of material facts as to which the movant, Office of Management and Budget ("OMB"), contends there is no genuine issue:

### Procedural History

1. In FOIA Request No. 11-147, Plaintiff Christopher Soghoian ("Plaintiff") made the following request:

> I request copies of all communications, documents and notes from meetings related to discussions between the Office of the U.S. Intellectual Property Enforcement Coordinator and any federal agency, the National Cable and Telecommunications Association (NCTA), AT&T, Verizon, Time Warner Cable, CableVision, Charter Communications, Comcast, and Qwest Communications, The Recording Industry Association of America (RIAA) and Motion Picture Association of America (MPAA), and any individual record and movie studios regarding "graduated responses" to subscriber copyright infringement.

> The scope of this request is for all records created between December 1, 2009 and June 22, 2011. If possible, I would like to receive the information in electronic format.

Ex. 4, FOIA Request; Ex. 3, Espinel Decl. ¶ 5.

2. In response to FOIA Request 11-147, OMB located 205 pages of documents. OMB released 189 pages of responsive documents. OMB withheld portions of those documents under 5 U.S.C. § 552(b)(4), § (b)(5) and § (b)(6). OMB withheld in full an additional 16 pages under 5 U.S.C. § 552(b)(5). OMB advised Soghoian of his right to file an administrative appeal. Ex. 5, OMB Response to FOIA Request; Espinel Decl. ¶ 6.

3. On October 11, 2011 in response to OMB's September 30, 2011 response, Plaintiff submitted FOIA appeal No. 12-011. Ex. 6, Administrative FOIA Appeal. OMB received Mr. Soghoian's appeal on October 11, 2011. OMB responded to the appeal on December 19, 2011 and released additional portions of 18 pages, including portions of 15 pages that were previously redacted in full. OMB withheld in full 1 page under 5 U.S.C. § 552(b)(5). Ex. 7, OMB Response to Administrative Appeal; Espinel Decl. ¶ 7.

4. OMB is currently withholding 1 page in full under 5 U.S.C. § 552(b)(5) and portions of 59 pages under Exemptions 4, 5, and 6. *See* Ex. 1, *Vaughn* Index.

5. Plaintiff does not challenge the adequacy of OMB's search. Plaintiff also does not challenge redactions made pursuant to Exemption 6 (OMB Nos. 1, 3, 18, 35-38, 49-60), and the redactions made of non-responsive material (OMB Nos. 1, 2, 33, 35, 37, 46, and 60).

6. Plaintiff only challenges the withholdings under Exemption 4 and Exemption 5.

**Exemption 4**

7.      The Recording Industry Association of America ("RIAA") is a trade association incorporated under Section 501(c)(6) of the Internal Revenue Code.  Ex. 2, Sheckler Decl. ¶ 3.

8.      The information redacted from OMB Nos. 1 through 32 includes provisions of preliminary drafts of the Memorandum of Understanding and related contractual negotiations.  Sheckler Decl. ¶ 7; *Vaughn* Index 1-32.  Each of the redacted provisions was the subject of negotiation and was ultimately not included in the final Memorandum of Understanding, or was modified in the final agreement.  Sheckler Decl. ¶ 7.

9.      The information redacted from OMB Nos. 1 through 32 is commercial. Sheckler Decl. ¶¶ 1, 9-12; *see also Vaughn* Index 1-32.

10.     RIAA and its member, Universal Music Group, Inc. ("UMG"), voluntarily disclosed the preliminary drafts of the Memorandum of Understanding to the U.S. Intellectual Property Enforcement Coordinator ("IPEC").  Neither RIAA nor its member, UMG, was compelled to provide such information to the IPEC.  Sheckler Decl. ¶ 8; Espinel Decl. ¶ 25.

11.     The information redacted from OMB Nos. 1 through 32 is customarily not disclosed to the public.  Sheckler Decl. ¶¶ 2, 10-12.

12.     There is a likelihood of competitive injury to the RIAA and its members if the redacted information is made public.  Sheckler Decl. ¶ 10-12.

**Exemption 5**

13.     All of the records withheld in full or in part under Exemption 5 are inter-agency or intra-agency memorandums or letters.  Espinel Decl. ¶ 11; *Vaughn* Index.

14.     The documents withheld pursuant to FOIA Exemption 5 fit into three main categories: (1) discussions regarding the general principles for an Administration response to voluntary agreements reached between ISPs and content holders to reduce online piracy, including discussion of a draft memorandum explaining those principles (OMB Nos. 34, 37-48); (2) discussions of IPEC's Joint Strategic Plan (OMB Nos. 35, 51-58); and (3) a question on the status of France's response to piracy issues (OMB No. 33). Espinel Decl. ¶¶ 12-15; *Vaughn* Index.

15.     In the emails and drafts redacted under Exemption 5, employees were engaging in deliberative conversations regarding draft documents in order to help determine the Administration's response to an ongoing policy issue.  Espinel ¶ 13-15; *see also id.* ¶¶ 17, 20 (stating that material redacted under Exemption 5 included "summaries, discussions, advice, and recommendations" as well as "comments, drafts, materials, analyses, views, and recommendations").

16.     OMB released all reasonably segregable non-exempt information.  Espinel Decl. ¶ 21 ("OMB conducted a careful, line-by-line review of each document withheld in full and in part to determine that there was no reasonably segregable factual or non-deliberative information responsive to plaintiff's request."); *id.* ¶ 22 ("[T]o the extent that any information in the withheld documents and redacted portions is "factual" in nature, such "factual" information is not reasonably segregable from the overall deliberative nature of these documents.").

                                                      Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

<u>/s/ Matthew A. Josephson</u>
MATTHEW A. JOSEPHSON
Georgia Bar Number:  367216
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

Attorneys for Defendant

DATED:	April 27, 2012