# Exhibit 2
# Victoria Sheckler Declaration

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| CHRISTOPHER SOGHOIAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:11-cv-02203-ABJ |
| ) | |
| ) | |
| OFFICE OF MANAGEMENT ) | |
| AND BUDGET, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

---

## DECLARATION OF VICTORIA SHECKLER

Pursuant to 28 U.S.C. § 1746, I, Victoria Sheckler, hereby declare as follows:

1. I currently serve as the Senior Vice President, Deputy General Counsel for the Recording Industry Association of America, Inc. ("RIAA"). I have worked at RIAA for the last five years. Prior to working at RIAA, I was a partner and associate at Hogan & Hartson (now Hogan Lovells). I received my bachelor's degree from The George Washington University in 1991, and my J.D. from the University of California, Hastings College of the Law in 1997.

2. I am submitting this declaration in connection with the above-captioned civil action arising under the Freedom of Information Act ("FOIA"). The purpose of this declaration is to explain the rationale of the withholding of certain confidential commercial information by the Office of Management and Budget ("OMB"). In particular, the information OMB is withholding, at RIAA's request, is confidential

commercial information that was voluntarily provided to OMB, that is of a kind that RIAA and its members customarily would not release to the public, and that would cause competitive injury to RIAA and its members if released. The facts stated herein are based on personal knowledge and on information obtained in connection with my official duties and responsibilities.

3. The RIAA is a trade association incorporated under Section 501(c)(6) of the Internal Revenue Code whose primary mission is to support and promote the interests of recording artists and music labels. As part of its mission, the RIAA works to protect the intellectual property and First Amendment rights of artists and music labels; conduct consumer, industry, and technical research; and monitor and review state and federal laws, regulations, and policies.

4. In my position as the Senior Vice President, Deputy General Counsel of RIAA, I am aware that Plaintiff Christopher Soghoian submitted to OMB a FOIA request for records in the possession of OMB relating to a particular topic. At RIAA's request, OMB is withholding redacted portions of (1) an email from an executive at RIAA to Victoria Espinel dated September 28, 2010 (Doc. Nos. 1,18); (2) an email from an executive at Universal Music Group Inc. to Victoria Espinel dated November 12, 2010 (Doc. Nos. 2-3); and (3) the attachments to these two emails, which are preliminary drafts of a contractual agreement known as the Memorandum of Understanding (Doc. Nos. 4-17, 19-32).[1]

5. The Memorandum of Understanding is a contractual agreement entered into by the RIAA and certain of its members, the Motion Picture Association of America

---

[1] Documents 4 through 17 were attached to the November 12 email (Doc. Nos. 2-3), and Documents 19-32 were attached to the September 28 email (Doc. Nos. 1, 18). Both sets of attachments are preliminary drafts of the Memorandum of Understanding.

("MPAA") and certain of its members, and several leading internet service providers ("ISPs"). The Memorandum of Understanding creates a framework to address certain forms of online copyright infringement. In its final version, signed on July 6, 2011, all parties to the contract agreed to, among other things, develop a "Copyright Alert Program" to educate consumers about copyright, deter peer-to-peer copyright infringement over the ISPs' networks, and promote the legitimate consumption of copyrighted content. As noted in the Memorandum, the parties acknowledged the concerns with such infringement and desired to establish a consumer-focused process to address such infringement.

6. In my role at RIAA, I was directly involved in the negotiations leading up to adoption of the Memorandum of Understanding, and I am currently involved in its implementation on behalf of RIAA and its members. The final Memorandum of Understanding has been disclosed publicly.

7. In this case, RIAA has requested OMB to withhold provisions of the preliminary drafts of the Memorandum of Understanding and related contractual negotiations. Each of the redacted provisions was the subject of negotiation and was ultimately not included in the final Memorandum of Understanding, or was modified in the final agreement.

8. RIAA and/or its member, Universal Music Group, Inc. ("UMG"), disclosed the preliminary drafts of the Memorandum of Understanding to the U.S. Intellectual Property Enforcement Coordinator ("IPEC") voluntarily and in confidence to keep the IPEC informed about the status of contractual negotiations to develop voluntary practices to deter certain forms of online copyright infringement. Neither RIAA nor its

member, UMG, was compelled to provide such information to the IPEC. RIAA would be less likely to voluntarily submit similar information to the Government in the future if doing so would result in the disclosure of such confidential information.

9. RIAA and its members have a strong commercial interest in the redacted information in the preliminary drafts of the Memorandum of Understanding. The redacted portions refer to provisions that impact the potential costs and/or allocation of risk associated with the proposed Copyright Alert Program, or provide preliminary opinions or recommendations that were not included in the final Memorandum of Agreement. The Vaughn Index (Exhibit ____) provides more details on the specific concerns with each of the relevant redacted provisions. I have reviewed the *Vaughn* Index, and the descriptions in the Index accurately describe the commercial nature of the redacted provisions.

10. RIAA and its members do not customarily disclose preliminary contractual negotiations to the public. Such documents typically reflect negotiations that are confidential, reflect preliminary views that may have changed in the final agreement, and could give competitors and adversaries an unfair advantage in future discussions. The redacted information in the preliminary drafts of the Memorandum of Understanding is precisely the kind of information that RIAA and its members do not customarily release to the public, as such information reflects negotiating positions that have changed over time.

11. Further, the subject matter of the redacted provisions, and their draft nature, are such that their disclosure would likely cause substantial harm to RIAA and its members. RIAA is engaged in discussions with other intermediaries and other interested

parties to deter copyright infringement, and disclosure of the redacted information would likely significantly harm RIAA's position in those discussions, as these provisions provide an indication of RIAA's negotiating positions. Such disclosure may also give RIAA's adversaries a competitive advantage by providing a more detailed "road map" on how to more effectively engage in infringing activity and evade enforcement of copyright laws. This would cause RIAA and its members substantial competitive injury.

12. I have carefully reviewed the preliminary drafts of the Memorandum of Understanding and the two related emails. Most of the information in these documents was disclosed, and RIAA has only requested withholding the portions of the documents that contain confidential commercial provisions that were not included in the final agreement, and that would significantly harm RIAA's position in future copyright negotiations.

I declare under penalty of perjury that the foregoing is true and correct.

Victoria Sheckler

Date Executed: April 26, 2012