# Exhibit 1
# Supplemental Declaration of Victoria Sheckler

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SOGHOIAN,<br><br>   Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT<br>AND BUDGET,<br><br>   Defendant. | Civil Action No. 1:11-cv-02203-ABJ |

## SUPPLEMENTAL DECLARATION OF VICTORIA SHECKLER

Pursuant to 28 U.S.C. § 1746, I, Victoria Sheckler, hereby declare as follows:

1. I currently serve as the Senior Vice President, Deputy General Counsel for the Recording Industry Association of America, Inc. ("RIAA"). I have worked at RIAA for the last five years. Prior to working at RIAA, I was a partner and associate at Hogan & Hartson (now Hogan Lovells). I received my bachelor's degree from The George Washington University in 1991, and my J.D. from the University of California, Hastings College of the Law in 1997.

2. I am submitting this supplemental declaration in connection with the above-captioned civil action arising under the Freedom of Information Act ("FOIA"). The purpose of this declaration is to provide further information concerning the rationale of the withholding of certain confidential commercial information by the Office of Management and Budget ("OMB"). As noted in my prior declaration, the information

OMB is withholding, at RIAA's request, is confidential commercial information that was voluntarily provided to OMB, is of a kind that RIAA and its members customarily would not release to the public, and would cause competitive injury to RIAA and its members if released. This withheld information is contained in documents OMB2, OMB4-17, and OMB19-32. The facts stated herein are based on personal knowledge and on information obtained in connection with my official duties and responsibilities.

3. RIAA and its members have a strong commercial interest in the withheld information. RIAA represents numerous copyright holders whose commercial interests are substantially harmed by copyright infringement and the availability of copyrighted content from pirated sources. In an effort to promote and protect the commercial interests of its members, RIAA and the other parties negotiated the Memorandum of Understanding – a contractual agreement between RIAA and certain of its members, the Motion Picture Association and certain of its members, and several leading internet service providers. This agreement creates a framework to address certain forms of online copyright infringement, which in turn helps protect the commercial value of our members' sound recordings.

4. As I stated in my previous declaration, the redacted provisions in the preliminary drafts of the Memorandum of Understanding refer to provisions that impact the potential costs and/or allocation of risk associated with the proposed Copyright Alert Program, or provide preliminary opinions or recommendations that were not included in the final Memorandum of Understanding. RIAA and the other contractual parties have a commercial interest in the redacted provisions because the disclosure of these provisions would materially affect the commercial interests of RIAA, our members and the other

contracting parties: The commercial interests of RIAA and RIAA's members are tied, in part, to RIAA's ability to deter infringement through voluntary initiative with intermediaries such as ISPs. If RIAA's preliminary negotiations, particularly on such sensitive matters as terms associated with cost and risk allocation and preliminary opinions, are disclosed to the public, then RIAA's ability to represent the commercial interests of its members in future negotiations will be compromised.

5. RIAA and its members do not customarily disclose preliminary contractual negotiations – like the redacted provisions in the drafts of the MoUs – to the public. As discussed, RIAA does not disclose negotiating drafts with the public, even if the final agreement is later made public. If the negotiating drafts are made public, it gives future contracting partners, such as other intermediaries in our case (i.e. those that provide services to sites or entities that facilitate infringement), competitive insight into a party's negotiating strategies, which in turn provides them with an unfair advantage in subsequent negotiations. To inform those in possession of negotiating drafts that they are not to be released to the public, such drafts are often clearly marked as a draft, privileged, or confidential document. The preliminary drafts of the MoUs are marked consistent with this practice: Every page is marked "DRAFT PRIVILEGED AND CONFIDENTIAL."

6. The disclosure of the withheld information would likely cause competitive harm to RIAA and its members. While RIAA's members compete in the traditional sense with other music labels and other consumer content providers, our members also compete with those that offer, facilitate, or support the use of p2p technologies for infringing activity. In the case of these competitors, both they and our members compete

3

for consumers that desire the same product, namely our members' valuable sound recordings. When I stated in my declaration that disclosure of the redacted provisions could be used as a "road map" by those interested in infringing activity, I meant that those opposed to the Copyright Alert System ("CAS") could unfairly and inaccurately describe and criticize the system, evade the system, or take other efforts to oppose the system. The disclosure of the redacted provisions could also be used by other intermediaries to enhance or refine their negotiation position with RIAA and other rights holders for voluntary initiatives to deter infringement.

7. RIAA did not disclose the redacted provisions of the preliminary drafts of the Memorandum of Understanding to the public. RIAA also did not send these provisions to any reporters.

8. As I stated in my prior declaration, RIAA and its member submitted the preliminary drafts of the MoUs to Ms. Espinel voluntarily and in confidence. There was no explicit or implicit obligation or requirement that the documents had to be provided to her.

I declare under penalty of perjury that the foregoing is true and correct.

Victoria Sheckler

Date Executed: June 29, 2012